IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Mack, aka, Edward D Mack,        )<br>                                                                 )<br>                                       Petitioner,  )<br>                                                                 )<br>              v.                                               )<br>                                                                 )<br>Larry Cartledge, Warden,                      )<br>                                                                 )<br>                                       Respondent. )<br>_____ ) | Civil Action No. 5:13-1021-MGL<br><br><br><br>**<u>ORDER</u>** |

Petitioner Edward Mack, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On March 13, 2014, the Magistrate Judge issued a Report, (ECF No. 48), recommending that the Court grant Respondent's Amended Motion for Summary Judgment, (ECF No. 34), and that Petitioner's Petition be denied as time-barred. Objections to the Report were due by March 31, 2014. Petitioner filed a document entitled Objections that was received by the Court on April 3, 2014, (ECF No. 54), as well as a Supplement, (ECF No. 57), received on May 19, 2014. The Court has reviewed and considered these filings despite their late submission.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, de novo, the Report and the Petitioner's Objections and Supplement. In his Objections and Supplement, Petitioner challenges nearly every factual and legal finding of the Magistrate Judge, in most cases in a cursory way that reiterates allegations made in his earlier filings. (ECF Nos. 54 and 57). Nothing in Petitioner's Objections or Supplement effectively counters the core conclusions of the Magistrate Judge's analysis, specifically, the finding that Petitioner filed the present action well beyond the one year limitation period for § 2254 petitions, and the finding that Petitioner has not adequately demonstrated that unlawful or unconstitutional state action, in the form of a *Brady* violation, prevented him from timely filing his petition so as to rely upon the delayed filing permitted pursuant to 28 U.S.C. § 2244(d)(1)(B). (ECF No. 48 at pp. 15-16 and 19-21). Petitioner alleges that the State withheld from his trial counsel exculpatory documents that Petitioner only later obtained through Freedom of Information Act requests. (ECF No. 54). However, as the Magistrate Judge sets out in the Report, Petitioner does not offer any evidence to establish that these documents were not made available to his trial counsel back in the late 1990s, the time of his trial. (ECF No. 48 at p. 21). Indeed, the record before the Court suggests that Petitioner's trial counsel had significant, unobstructed "open file" access to the discovery materials in the State's possession. Id. (citing App. 1492-93).

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 48). Respondent's Amended Motion for Summary Judgment is **GRANTED**, (ECF No. 34), and Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**. Petitioner's Motion for Issuance of Subpoena is terminated as **MOOT**. (ECF No. 46).

## Certificate of Appealability

The governing law provides that:

> © (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> © (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© . A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/ Mary G. Lewis  
United States District Judge

June 10, 2014  
Spartanburg, South Carolina